IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4004-01-CR-C-NKL |
| ) | |
| BRADY RAY LONG, ) | |
| ) | |
| Defendant. ) | |

ORDER

On May 24, 2006, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Brady Ray Long's ("Long") Motion to Suppress. *See* Report and Recommendation [Doc. # 88]. Long, through his attorney, filed objections on August 4, 2006 [Doc. # 99]. Having conducted an independent review of the record and considered Long's objections, the Court concludes that Judge Knox's Report and Recommendation is correct and should be adopted.

Long challenges the traffic stop by Officer Dale Heiser of the Lake Ozark Police, which eventually led to Long's arrest for narcotic violations. He claims that the officer lacked reasonable suspicion or probable cause to stop him for a violation of the traffic laws. The evidence, however, shows that Long was driving erratically, having just left a

1

suspected drug distribution area. This is sufficient to justify a stop to determine if Long was driving while intoxicated.

As for the search of the vehicle, Long consented to the search. Officer Heiser also properly inspected a paper which fell to the ground because Long denied the paper was his. Long had no privacy interest in abandoned property. Alternatively, there was probable cause to inspect the paper because Heiser knew from his training and law enforcement experience that small amounts of narcotics could be stored in paper, that some individuals attempt to discard drugs when stopped, and that Long had just been to a location suspected of drug activity.

In his exceptions, Long cites a number of cases to support his argument that Officer Heiser did not have reasonable suspicion to detain him after Heiser determined that Long was not impaired. These cases are not controlling. In *United States v. Yang*, 345 F.3d 650 (8th Cir. 2003), after a police officer completed a traffic stop, the officer asked Yang for permission to search Yang's car. The Eighth Circuit held this was not a detention and no probable cause or suspicion need be shown to detain Yang long enough to make the request. Furthermore, even if it were an illegal detention, that "illegality was purged by Yang's voluntary consent to the search." *Id.* at 654. Also *see United States v. Martin*, 411 F.3d 998 (8th Cir. 2005). Under Eighth Circuit law, it is clear that Long's Motion to Suppress must be denied.

Based upon the credible evidence presented, the court finds no basis for suppressing the evidence seized during and after the traffic stop on October 28, 2004.

2

Accordingly, it is hereby

ORDERED that Judge Knox's Report and Recommendation of May 24, 2006 [Doc. # 88], is adopted.

                                                                         s/ Nanette K. Laughrey  
                                                                         NANETTE K. LAUGHREY  
                                                                         United States District Judge

Dated: August 18, 2006  
Jefferson City, Missouri